**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY DOE, by and through his parent and | : | 3:05-cv-482 (WWE) |
| next friend PAUL DOE; ALLAN DOE, by and | : | |
| through his parent and next friend LISA DOE; | : | |
| JONATHAN DOE, by and through his parent | : | |
| and next friend MARY DOE; BOBBY DOE, | : | |
| by and through his parent and next friend | : | |
| ALICE DOE; | : | |
|         Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DARIEN BOARD OF EDUCATION; TOWN | : | |
| OF DARIEN; MARY JO KRAMER, individually | : | |
| and as an employee of the Town of Darien; | : | |
| JERRY SAUNDERS, individually and | : | |
| as an employee; KAREN WILSON, individually | : | |
| and as an employee of the Town of Darien; | : | |
| JOHNNA GALIATSOS, individually and as an | : | |
| employee of the Town of Darien; and | : | |
| KIM GRANITE, individually and as an | : | |
| employee of the Town of Darien; | : | |
|         Defendants. | : | |

**MEMORANDUM OF DECISION ON**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**
**AND MOTIONS TO STRIKE**

      In this action, minor plaintiffs Gary Doe, Allan Doe, Jonathan Doe and

Bobby Doe, by through their respective parents, allege the following claims for relief: (1)

assault and battery against the Town of Darien and the Darien Board of Education,

Karen Wilson, Johnna Galiatsos and Kim Granite; (2) negligence against all defendants

for failure to prevent the abuse; (3) negligence arising from the hiring, supervision and

retention of the aides and teachers against the Darien Board of Education, Town of

Darien, Mary Jo Kramer, Jerry Saunders and Wilson; (4) negligence per se against all

defendants; (5) false imprisonment against the Darien Board of Education, Town of Darien, Wilson, Galiatsos and Granite; (6) violation of substantive due process pursuant to the Fourteenth Amendment of the United States Constitution against all defendants; (7) violation of procedural due process pursuant to the Fourteenth Amendment against all defendants; (8) violation of the Equal Protection Clause of the Fourteenth Amendment against all defendants; (9) cruel and unusual punishment in violation of the Eighth Amendment against all defendants; (10) recklessness against all defendants; (11) intentional infliction of emotional distress against all defendants; (12) negligent infliction of emotional distress against all defendants; and (13) indemnification against the Town of Darien.

Now pending are three motions for summary judgment filed by defendants Darien Board of Education, Town of Darien, Kramer and Saunders (the "Town Defendants"), defendants Granite and Galiatsos (the "Aide Defendants"), and defendant Karen Wilson.  For the following reasons, the Town Defendants' motion for summary judgment will be granted; Wilson's and the Aide Defendants' motions for summary judgment will be granted in part and denied in part.  The motions to strike will be denied.

## BACKGROUND

The parties have submitted briefs, a statement of facts and supporting exhibits, which reflect the following factual background.

From November 2003 through April 2004, minor Doe plaintiffs were between 3 to 5 years of age and attended the Early Learning Program ("ELP") at Hindley Elementary School.  The ELP is designed for preschool students ages 3 to 4,

and it combines students with special education needs and typical peers or regular education students.

During the 2003-04 school year, Dr. Mary Jo Kramer was the Superintendent of Schools and Jerry Saunders served as the school psychologist and Preschool Coordinator. Karen Wilson was the ELP teacher assigned to the classroom, and Johnna Galiatsos and Kim Granite were ELP aides in Wilson's classroom.

On March 8, 2004, Mary Fisher, an ELP aide, resigned without any notice. She submitted a letter explaining that she was resigning for personal reasons and could not tolerate the unprofessional and unnecessary behavior of Granite and Galiatsos toward the children. Fisher stated that she saw "yelling in kids' faces, bullying the children, children not given a chance to respond, and name calling." She also noted that Karen Wilson was out of the room frequently and the conduct became harsher when Wilson was absent. That same day, Veronica DeLora, a substitute aide for one day, reported that she found Galiatsos to be loud and rough in the classroom.

The Board of Education commenced an investigation conducted by a team, including Robin Pavia, Director of Special Education, Mary Capwell, Assistant Superintendent for Elementary Education, and Marjorie Montague, Director of Finance and supervisor of non-certified personnel.

On March 9, 2004, the team interviewed Granite. She stated that she was not too rough with the children but had been firm as instructed. She admitted that she was a loud person. Granite was suspended with pay pending the outcome of the investigation. Capwell called the Department of Children and Families ("DCF") regarding the alleged abuse by Granite.

3

On March 11, 2004, the team interviewed Galiatsos, but she refused to answer questions without a lawyer present.  Galiatosos was also suspended with pay pending the outcome of the investigation, and Capwell called DCF regarding the alleged abuse by Galiatsos.

Thereafter, Capwell and Pavia interviewed Wilson, who denied seeing any abuse.  Members of the team interviewed other ELP aides, ELP teachers, and the school nurse.   Some of the interviews corroborated allegations of misconduct on occasions when Wilson was not present or able to view the classroom.

On March 31, 2004, the team met with Granite and Galiatsos separately to confront them with its findings.  Both aides denied any misconduct and were terminated that day.   Team members called and met with the parents of the children involved.

## DISCUSSION

### Motions to Strike

Defendants move to strike several exhibits attached in support of plaintiffs' opposition papers.

The principles governing admissibility of evidence do not change at the summary judgment stage of the proceedings, and therefore, only admissible evidence need be considered in ruling on a motion for summary judgment.  Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).  "Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that will be presented in an admissible form at trial."  Santos v. Murdock, 243 F.3d 681, 684 (2d Cir. 2002)

4

(nonmoving party need not produce evidence in a form that would be admissible at trial but must, by affidavit, designate specific facts showing that there is a genuine issue for trial).

The Town Defendants move to strike Susan Bixler's video interview, portions of Pavia's deposition, two memos from Pavia to Kramer, Capwell's investigation notes, Barbara Andrianus's memo documenting interviews, and reports and letters from expert witnesses Drs. Kiln and Bogan.  Defendants complain that these documents do not meet the requirements of Local Rule 56(a)(3) as they are not sworn statements contained within an affidavit or deposition.

In response, plaintiffs have submitted Bixler's affidavit that attests to the statement made in the video interview.  Accordingly, the Court will deny the motion to strike as to this evidence.

Plaintiffs point out that each of the challenged documents is incorporated as an exhibit and referenced in sworn deposition testimony and that the hearsay statements, with exception of the doctors' letter and report, are admissible as admissions by party opponents.  Fed. R. Evid. 801(d)(2)(D); see Schaghticoke Tribal Nation v. Kempthorne, 587 F. Supp. 2d 389 (D. Conn.).  Accordingly, the Court will deny the motion to strike as to these documents.  The Court will also deny the motion to strike the doctors' letter and report in their entirety.  However, the Court will disregard any statements contained therein to the extent that they are made to show the truth of the matter asserted.

**Motion for Summary Judgment**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Liberty Lobby, 477 U.S. at 24.

**Sovereign Immunity**

The Town Defendants and Wilson argue that sovereign immunity bars any liability for plaintiffs' state law tort claims of assault and battery, negligence, negligence per se, false imprisonment, recklessness, intentional infliction of emotional distress and negligent infliction of emotional distress.

Connecticut law has established that sovereign immunity in tort actions

6

has been extended to agents of the state acting on its behalf.  <u>Cahill v. Board of Educ.</u>
<u>of City of Stamford</u>, 187 Conn. 94, 101 (1982).  A local board of education, as an agent
of a town, is subject to the laws governing municipalities and can be an agent of the
state for some purposes and an agent of the municipality for others.  <u>Purzycki v.</u>
<u>Fairfield</u>, 244 Conn. 101, 112 (1998).

   To determine whether the doctrine of state sovereign immunity applies to
a local school board, the court should look to whether the "action would operate to
control or interfere with the activities of the state."  <u>Cahill</u>, 187 Conn. at 102.   The
instant tort claims, including negligent hiring, supervision and retention of the aides and
teachers, concern the Town Defendants' discretionary conduct in fulfilling their state-
mandated duties to provide special educational services, and therefore, the action
would interfere with state activities.  <u>M.H. v. Bristol Bd. of Educ.</u>, 169 F. Supp. 2d 21, 38
(D. Conn. 2001) (local board of education and its employees providing special
educational services are entitled to sovereign immunity from common law tort claims).
Similarly, the common law claims against Wilson would interfere with her state-
mandated duty to provide special education services.

   Plaintiffs argue that the sovereign immunity is inapplicable to the
negligence per se claim based on failure to comply with the reporting of suspected
abuse as required by Connecticut General Statutes sections 17a-101a and 17a-101b.
Specifically, plaintiffs point out that section 17a-101e imposes civil liability for bad faith
failure to report abuse.  Statutes "in derogation of sovereignty should be strictly
construed in favor of the state."  <u>Rivers v. New Britain</u>, 288 Conn. 1, 11 (2008).  Section
17a-101e imposes only a fine for bad faith reporting and therefore lacks "express

7

terms" or the "force of implication" that it is waiving the state's common law immunity. Accordingly, the Town Defendants and Wilson are entitled to sovereign immunity as agents of the state providing special education services.

**Governmental Immunity**

The Town Defendants argue that they are also entitled to governmental immunity on the intentional and negligence common law claims.  The Aide Defendants and Wilson argue that they are entitled to governmental immunity on the negligence claims.

At common law, municipalities were generally immune from tort liability. Pane v. City of Danbury, 267 Conn. 669, 685-686 (2004); Evon v. Andrews, 211 Conn. 501, 505 (1989).  Connecticut General Statutes section 52-557n abrogates that common law immunity by providing for municipal liability based on the negligent acts of an employee acting within the scope of employment.  Vejseli v. Pasha, 282 Conn. 561, 566 (2007).   The statute provides further that a municipality is not liable for damages based on an employee's willful misconduct and or acts by an employee performing a discretionary as opposed to ministerial function.   However, a municipal employee has no immunity if the act subjects an identifiable person to imminent harm, a statute specifically provides a cause of action against the employee, or the alleged act involves malice, wantonness or intent to injure rather than negligence.  Burns v. Board of Educ., 228 Conn. 640, 645 (1994).

Intentional Torts

Plaintiffs' tort claims alleging intentional and reckless conduct against the Board of Education and the Town of Darien are barred by statutory immunity provided

in Connecticut General Statutes section 52-557n(a)(2); <u>see</u> <u>Pane</u>, 267 Conn. at 685.

<u>Negligence</u>

Plaintiffs maintain that governmental immunity should not be extended to their claims of negligence since the plaintiffs fall within the identifiable-victim exception to such immunity.  Plaintiffs' arguments appear to be directed at the potential for liability of the individuals, Kramer, Saunders, Wilson, Galiatsos and Granite.

The ultimate determination of whether qualified immunity applies is a question of law for the court unless unresolved factual issues are material to the applicability of the defense, in which case such issues are properly resolved by a jury.  <u>Purzycki</u>, 244 Conn. at 107-08.   The common law identifiable-victim exception works to impose liability where it is apparent to a defendant that his or her act subjects an identifiable person to imminent harm.  <u>Doe v. Petersen</u>, 279 Conn. 607, 616 (2006).  Foreseeability is the touchstone of whether the identifiable-victim exception bars qualified immunity.  <u>Fleming v. City of Bridgeport</u>, 284 Conn. 502, 532-33 (2007).

The parties agree that plaintiffs, as school students, fall within a judicially-recognized class of individuals considered identifiable.  Thus, the Court's inquiry is concerned with whether it was apparent that defendants' conduct subjected plaintiffs to an imminent harm.  State superior court cases have considered imminent harm in terms of physical danger or injury for which there is a risk, limited in duration and geographic scope, that could be avoided by defendants.  See <u>Doe v. Bristol Bd. of Educ.</u>, 2007 WL 1053836, *5 (Conn. Super. Ct. 2007).  However, some cases have recognized that psychological harm can present a foreseeable imminent harm.  <u>Gadway v. City of</u>

9

Norwich, 2008 WL 5220566 (Conn. Super. Ct. 2008).

The Town Defendants maintain that plaintiffs have not shown that it was apparent to either Saunders or Kramer that their acts would subject plaintiffs to an imminent harm.  In his deposition, Saunders stated that, in November or December 2003, he was aware that the ELP aides had problems working as a team and had heard that there was criticism among them in terms of who was not working hard and methods of verbal discipline and management.  Nevertheless, Saunders' awareness of aides taking exception with the technique of other aides and general poor interaction among the aides does not rise to the level of awareness or knowledge of alleged abuse of children.   The evidence does not indicate that Kramer or Saunders were aware that their failure to take action prior to March 2004 subjected the plaintiffs to imminent harm. Accordingly, the Court finds that the identifiable victim exception does not bar governmental immunity as to Saunders and Kramer.[1]  The Town Defendants are entitled to governmental immunity from tort liability on the negligence claims in this case.

Wilson, Granite and Galiatsos argue that they are entitled to qualified governmental immunity on the claims of negligence regarding the alleged abuse, failure to protect plaintiffs from such abuse and negligent infliction of emotional distress.

As to Wilson, the Court cannot find that, as a matter of law, this defendant is entitled to governmental immunity.  The record raises an inference of fact relative to

---

[1]Saunders' and Kramer's lack of awareness of the alleged abuse also defeats an argument that the intentional or malicious act exception applies.

10

Wilson's awareness of the alleged conduct and whether such conduct exposed plaintiffs to an imminent harm.[2]

Granite and Galiatsos contend that the identifiable victim exception cannot apply because plaintiffs have not shown that they sustained any physical harm.  In light of the fact that this case involves young special needs children, psychological harm resulting from the alleged abuse is a foreseeable imminent harm that should have been apparent to both Granite and Galiatsos.  Construing the evidence most favorably to plaintiffs, the evidence adduced raises issues of fact as to whether plaintiffs sustained imminent harm resulting from the alleged abuse.  Accordingly, the Court will deny summary judgment on the negligence claims against Granite and Galiatsos on the ground of governmental immunity.

### Assault and Battery

Granite and Galiatsos argue that summary judgment should enter on the merits as to the claim of assault and battery because there is no evidence that these defendants intended to cause plaintiffs to suffer a physical or emotional injury.[3] However, sufficient evidence exists to raise an issue of fact relative to the intent of Granite and Galiatsos.  Summary judgment will be denied as to Granite and Galiatsos.

---

[2]However, the Court has already held that Wilson is entitled to sovereign immunity as an agent of the state on the state law claims of intentional and negligent torts.

[3]Although the Court has already held that Wilson is entitled to sovereign immunity all state law tort claims, summary judgment on the merits is also appropriate since no record evidence supports such a claim against Wilson.

11

**Negligence Per Se**

Plaintiffs allege that defendants Granite and Galiatsos breached their mandatory duty to report suspected abuse pursuant to Connecticut General Statutes section 17a-101a.  In support of their argument for summary judgment in their favor, Granite and Galiatsos maintain that they did not and do not believe that they inflicted physical or emotional abuse on any plaintiff.  Based upon the record evidence, the Court finds that disputed issues of fact preclude summary judgment.  The Court will leave plaintiffs to their proof.

**False Imprisonment**

Plaintiffs allege that Granite, Galiatsos and Wilson are liable for false imprisonment.[4]  Granite and Galiatsos have moved for summary judgment, arguing that any physical restraint or force used was reasonable and therefore permitted pursuant to Connecticut General Statutes section 53a-18, which provides:

> The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances: (6) A teacher or other person entrusted with the care and supervision of a minor for school purposes may use reasonable physical force upon such minor when and to the extent he reasonably believes such to be necessary to . . . (D) restrain such minor or remove such minor to another area, to maintain order.

Consistent with the previous discussion of this ruling, the record evidence raises an issue of fact as to whether the conduct of defendant Granite and Galiatsos was

---

[4]Although the Court has already held that Wilson is entitled to sovereign immunity all state tort law claims, summary judgment on the merits is also appropriate since no record evidence supports such a claim against Wilson.

12

reasonable and related to pedagogical purposes.  Accordingly, the Court will deny the motion for summary judgment as to the claim of false imprisonment against Granite and Galiatsos.

### Substantive Due Process

Plaintiffs allege that each defendant denied them their rights to substantive due process by failing to protect them from the excessive and brutal force of the alleged abuse.  The Town Defendants assert that plaintiffs cannot establish a substantive due process violation, liability of the Town of Darien, or supervisory liability on the part of the Kramer and Saunders.  Wilson and the Aide Defendants argue that summary judgment should enter because the conduct alleged was not egregious and because they are entitled to qualified immunity.

#### Excessive Force

Substantive due process protects against egregious conduct that can be viewed as so brutal and offensive to human dignity as to shock the conscience.  Smith v. Half Hollow Hills Central Sch. Dist., 298 F.3d 168, 173 (2d Cir. 2002).  The protections of substantive due process are available only against egregious conduct that can fairly be viewed as so brutal and offensive to human dignity as to shock the conscience.  Johnson v. Glick, 481 F.2d 1028, 1033 & n.6 (2d Cir. 1973).

To determine whether alleged excessive force has crossed the constitutional line, the Court considers the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

13

Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 251 (2d Cir. 2001).

Defendants argue that plaintiffs' evidence does not demonstrate the use of excessive force or that plaintiffs suffered severe injury.  Wilson and the Aide Defendants represent that no malicious acts occurred and that the alleged conduct sought to advance pedagogical purposes.  Upon review of the record and the factors to be considered, the Court finds disputed issues of fact exist that should be resolved by jury as to whether a substantive due process violation occurred.[5]  Accordingly, the Court will not enter summary judgment in favor of the Aide Defendants on this claim.[6]

### Municipal Liability

The Court will grant summary judgment on claims against the Board of Education and the Town of Darien.

A municipality is liable for a deprivation of a citizen's rights pursuant to § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978).  A municipality may be held liable for inadequate training, supervision or hiring where the failure to train, hire or supervise amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.  City of Canton v. Harris, 489

---

[5]A jury can properly assess the evidence, including the expert witness reports, relative to the alleged injuries sustained by plaintiffs.

[6]Additionally, the Court finds that disputed issues of fact preclude entry of summary judgment on the basis of qualified immunity.

U.S. 378, 388 (1989).

Plaintiffs maintain that they can establish <u>Monell</u> liability based on theories of inadequate training and supervision.  Such claims must be supported by more than the fact that the misconduct occurred.  A plaintiff "is expected to proffer evidence from which a reasonable fact-finder could conclude" that defendant's conduct was unreasonable, and that the inadequacy was closely related to the violation.  <u>See</u> <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113, 130 n.10 (2d Cir. 2004).

A failure to supervise claim may be established by showing that an official deliberately ignored an obvious need for supervision, while a failure to train claim requires plaintiff to establish that an official consciously disregarded a risk of future violations of constitutional rights by his employees.  <u>Id.</u> at 127 n.8.[7]   A plaintiff can demonstrate an obvious need through proof of repeated complaints of civil rights violations and no meaningful follow-up investigation to such complaints.  <u>Vann v. City of New York</u>, 72 F.3d 1040, 1049 (2d Cir. 1995).  Similarly, plaintiffs need to prove an obvious need for additional training by identifying a specific deficiency in the training program and that the deficiency is "closely related to the ultimate injury."  <u>Amnesty America</u>, 361 F.3d at 129.

In this instance, plaintiffs have not demonstrated that there was an

---

[7]Similarly, an inadequate screening claim requires that plaintiffs prove that "adequate scrutiny of the employee's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the individual would be the deprivation of a third party's federally protected right. . . ."  <u>Bd. of Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397, 411 (1997).  To the extent that plaintiffs make such a claim, summary judgment will be granted because defendants' background does not lead to a conclusion that their hiring would result in a substantive due process violation.

obvious need for additional supervision or training.  Plaintiffs have not adduced evidence that there were repeated complaints of civil rights violations.  The reports to Saunders concerned poor interaction and relationships between the aides rather than reports of abuse or mistreatment.  Accordingly, the evidence does not suggest that there was a conscious disregard of the need for supervision.

As to training, plaintiffs set forth that the teachers and aides were confused about what constituted abuse, when the duty to report abuse arose, and to whom they should report such abuse.  The Town defendants have provided evidence that social workers or psychologists provided all ELP aides training on reporting using DCF materials.  Plaintiffs have not identified a specific deficiency with the training provided that caused the alleged substantive due process violation.  Accordingly, the Court will grant summary judgment on these claims.

Supervisory Liability

The Court will also grant summary judgment on the claims against Kramer and Saunders for failure to satisfy the standard required to impose supervisory liability. However, the Court will deny summary judgment as to Wilson's supervisory liability.

Section 1983 imposes liability only upon officials whose conduct has actually caused a violation of an individual's constitutional rights.  Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).  Personal involvement of a supervisor may be established by evidence that (1) the official participated directly in the challenged conduct; (2) the official, after learning of a subordinate's unlawful conduct, failed to remedy the wrong; (3) the official created a policy or custom of fostering the unlawful conduct; (4) the official was grossly negligent in supervising the subordinates who

16

committed unlawful acts; or (5) the official exhibited deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). There must be an affirmative link between the alleged constitutional deprivation and the act of the supervisor that caused the alleged violation. Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 1999).

Consistent with the previous discussion, the Court finds that neither Kramer nor Saunders received information regarding the alleged abuse so as to establish an affirmative link between the alleged substantive due process violation and their conduct or alleged failure to act. However, Wilson's involvement remains a question of fact. A jury may determine whether Wilson created a risk to the plaintiffs through her instruction to the aides, was grossly negligent in her supervision, or was cognizant of, but ignored, the alleged conduct and its risk to plaintiffs. The Court also finds that such factual questions preclude entry of summary judgment on the basis of qualified immunity.

### Procedural Due Process

Plaintiffs allege violation of their procedural due process claims against all defendants. The Town Defendants, the Aide Defendants and Wilson argue that plaintiffs have identified neither a liberty or property interest, nor a deprivation of any process due.

The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest. U.S. Const. amend XIV, § 1; Bd. of Regents v. Roth, 408 U.S. 564, 569-70 & n.7 (1972).

17

The fundamental requisite of procedural due process is the opportunity to be heard.  See Boddie v. Connecticut, 401 U.S. 371, 377 (1971).   This opportunity must be granted within a meaningful time and manner.  Armstrong v. Manzo, 380 U.S. 545, 552 (1965).  Further, the hearing must be "appropriate to the nature of the case."  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).

In their opposition brief, plaintiffs identify the liberty interest at stake as the right to be free from excessive force in violation of the substantive due process clause.  They maintain that the Town Defendants conduct, specifically by thwarting the investigation and failing to notify the parents of the abuse, made it difficult for plaintiffs to avail themselves of their post-deprivation remedies that exist in the civil justice system.   In this instance, the evidentiary record does not substantiate plaintiffs' argument.

Plaintiffs do not dispute that the administrative procedures of the Individuals with Disabilities in Education Act were available to them as post-deprivation remedies, and plaintiffs have filed a civil action in this Court.  Accordingly, the Court will grant the motions for summary judgment on the procedural due process claim as to all defendants.

**Equal Protection**

All defendants argue that they are entitled to summary judgment on plaintiffs' "class of one" equal protection claim.

The Equal Protection Clause extends to individuals with no specific class membership who have been intentionally treated differently from others similarly situated without a rational basis for that treatment.  Harlen v. Inc. Vill. of Meneola, 273

18

F.3d 494, 499 (2d Cir. 2001).  The United States Supreme Court has established that

one may assert an equal protection claim as a class of one where a plaintiff alleges that

he has been intentionally treated differently from others similarly situated and that there

is no rational basis for the difference in treatment.  Vill. of Willowbrook v. Olech, 528

U.S. 562, 564 (2000).

       Plaintiffs must present evidence that they were treated differently than

others "similarly situated."  Neilson v. D'Angelis, 409 F.3d at 105.  To be "similarly

situated," the individuals with whom plaintiffs attempt to compare themselves must be

similarly situated in all material respects and have "engaged in comparable conduct."

Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997).   The test of

similarity in a "class of one" case is a showing that: "i) no rational person could regard

the circumstances of the plaintiff to differ from those of a comparator to a degree that

would justify the differential treatment on the basis of a legitimate government policy;

and ii) the similarity in circumstances and difference in treatment are sufficient to

exclude the possibility that the defendant acted on the basis of a mistake."  Neilson,

409 F.3d at 105-106.

       Plaintiffs proffer no individuals who may be considered "similarly situated"

comparators or how they were treated differently by defendants.  Thus, plaintiffs have

raised no inference of fact that they were deprived of equal protection.  Summary

judgment in favor of all defendants is appropriate on this claim.

**Eighth Amendment**

       Plaintiffs allege violation of the Eighth Amendment's prohibition of cruel

and unusual punishment.  However, it is well established that the Eighth Amendment

19

applies only to individuals who have been convicted of crimes.  <u>Ingraham v. Wright</u>, 430 U.S. 651, 664 (1977).  Accordingly, the Court will grant summary judgment in favor of all defendants on this claim.

### Recklessness and Intentional Infliction of Emotional Distress

The Aide Defendants move for summary judgment on claims of recklessness and intentional infliction of emotional distress.

Recklessness requires a conscious choice of action with knowledge of the serious danger to others involved or of facts that disclose the danger to a reasonable person.  <u>Bishop v. Kelly</u>, 206 Conn. 608, 614-15 (1988).  Reckless conduct involves "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."  <u>Dubay v. Irish</u>, 207 Conn. 518, 533 (1988).

The Court finds that disputed issues of fact exist as to whether Granite and Galiatsos acted with the requisite intent.  The Aide Defendants' motion for summary judgment will be denied on this claim.

### Intentional Infliction of Emotional Distress

Liability for intentional infliction of emotional distress requires conduct exceeding all bounds of decent society and which is calculated to cause, and does cause, mental distress of a very serious kind.  <u>DeLaurentis v. New Haven</u>, 220 Conn. 225, 266-67 (1991).  Plaintiffs must prove: (1) that a defendant intended to inflict emotional distress or that she knew or should have known that emotional distress was the likely result of the conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct was the cause of plaintiffs' distress; and (4) that the emotional distress

sustained by plaintiffs was severe.  Carrol v. Allstate Ins. Co., 262 Conn. 433, 442

(2003).  Generally, conduct that is merely insulting is insufficient to form the basis for a

claim of intentional infliction of emotional distress.  Angiolillo v. Buckmiller, 102 Conn.

App. 697, 706 (2007).

        In light of the vulnerable plaintiffs at issue in the instant case and

construing all inferences of fact most favorably to plaintiffs, the Court finds that the

conduct by the Aide Defendants could be considered egregious.  Accordingly, the Court

will leave for the jury the determination of whether these defendants are liable for

intentional infliction of emotional distress.

### Indemnification

        The Town Defendants move for summary judgment on the indemnification

claim against the Board of Education and the Town of Darien.  Plaintiffs pose no

opposition to defendants' arguments.  Accordingly, the motion for summary judgment

will be granted on the claim for indemnification.[8]

---

        [8]"Federal courts may deem a claim abandoned when a party moves for summary
judgment on one ground and the party opposing summary judgment fails to address the
argument in any way."  Taylor v. City of New York, 269 F.Supp.2d 68, 75 (E.D.N.Y.
2003).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Town Defendants' motion for summary judgment [doc. #90] in its entirety; GRANTS in part and DENIES in part the Aide Defendants' motion for summary judgment [doc. #88]; GRANTS in part and DENIES in part Wilson's motion for summary judgment [doc. #89].  As to Wilson, the Court GRANTS summary judgment on the claims based on state law torts and claims based on procedural due process, equal protection and Eighth Amendment violations.  As to Granite and Galiatsos, the Court GRANTS summary judgment on the claims of procedural due process, equal protection and Eighth Amendment violations.

The Court DENIES the motions to strike [doc. #111, 113, 122].

Plaintiffs are instructed to file an amended complaint consistent with this ruling within fifteen days of this ruling's filing date.

Dated at Bridgeport, Connecticut, this _11th__ day of February, 2009.

_____/s/_____
Warren W. Eginton
Senior United States District Judge