UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY DOE, by and through his parent and next friend PAUL DOE; ALLAN DOE, by and through his parent and next friend LISA DOE; JONATHAN DOE, by and through his parent and next friend MARY DOE; BOBBY DOE, by and through his parent and next friend ALICE DOE,<br>          Plaintiffs,<br><br>v.<br><br>KAREN WILSON, individually and as an employee of the Town of Darien; JOHNNA GALIATSOS, individually and as an employee of the Town of Darien; and KIM GRANITE, individually and as an employee of the Town of Darien,<br>          Defendants. | 3:05-cv-482 (WWE) |

**MEMORANDUM OF DECISION ON**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

In their third amended complaint, minor plaintiffs Gary Doe, Allan Doe, Jonathan Doe and Bobby Doe, by through their respective parents, allege the following claims for relief: (1) assault and battery against Johnna Galiatsos and Kim Granite; (2) negligence against Galiatsos and Granite for failure to prevent the abuse; (3) negligence per se against Galiatsos and Granite; (4) false imprisonment against the Galiatsos and Granite; (5) violation of substantive due process pursuant to the Fourteenth Amendment of the United States Constitution against Granite, Galiatsos and Karen Wilson; (6) recklessness against Granite and Galiatsos; (7) intentional infliction of emotional distress against Granite and Galiatsos; and (8) negligent infliction of emotional distress against Granite and Galiatsos.  Granite and Galiatsos have filed a

1

second motion for summary judgment on the basis of sovereign immunity.[1]  The Court will grant the motion for summary judgment in part.

## BACKGROUND

The parties have submitted briefs, a statement of undisputed facts and supporting exhibits.  The Court assumes familiarity and incorporates herein the factual background from its prior Memorandum of Decision on Summary Judgment on Defendants' Motions for Summary Judgment dated February 11, 2009.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664

---

[1] In a previous ruling, this Court previously granted summary judgment in favor of the Town of Darien, the Darien Board of Education, Mary Jo Kramer and Jerry Saunders on the basis of sovereign and governmental immunity as to the state law claims, and on the merits as the federal constitutional claims.  The Court held that Karen Wilson was entitled to sovereign immunity on the state law claims and summary judgment on the merits on the assault and battery and false imprisonment claims.  The Court denied summary judgment as to Wilson on the claim of substantive due process violation but granted summary judgment on all other federal constitutional claims.  The Court granted summary judgment as to Granite and Galiatsos on the constitutional claims of violation of procedural due process, equal protection and Eighth Amendment violations.  The Court denied summary judgment as to Granite and Galiatsos on the claims of state tort violations and substantive due process.  The Court allowed Granite and Galiatsos to file a second motion for summary judgment on the issue of sovereign immunity.

F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

**Sovereign Immunity**

Galiatsos and Granite assert that sovereign immunity bars the state law tort claims of assault and battery, negligence, negligence per se, false imprisonment, recklessness, intentional infliction of emotional distress and negligent infliction of emotional distress.

As discussed in the Court's previous Memorandum of Decision, Connecticut law has established that sovereign immunity in tort actions has been extended to agents of the state acting on the state's behalf. Cahill v. Board of Educ. of City of Stamford, 187 Conn. 94, 101 (1982). A local board of education, as an agent of a town, is subject to the laws governing municipalities and can be an agent of the state for some purposes and an agent of the municipality for others. Purzycki v. Fairfield, 244 Conn. 101, 112 (1998).

To determine whether the doctrine of state sovereign immunity applies to a local school board, the court should look to whether the "action would operate to control or interfere with the activities of the state." Cahill, 187 Conn. at 102. The Connecticut

3

Supreme Court has stated that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of Article eighth, § 1 of the Connecticut Constitution to provide free elementary and secondary public education.  Town of Cheshire v. McKenney, 182 Conn. 253, 258 (1980).[2]  Decisional law has held that "[i]n developing and maintaining a special education program, a board of education acts under state mandate and, thus, acts as an agent of the state."  Milhomme v. Levola, 1995 WL 441685, *6 (Conn. Super. 1995) (citing cases).

Sovereign immunity has been extended to employees of local boards of education providing special educational services with regard to tort claims arising from their state-mandated duties to provide such services.  M.H. v. Bristol Bd. of Educ., 169 F. Supp. 2d 21, 38 (D. Conn. 2001); Todd M. v. Richard L., 44 Conn. Supp. 527 (1995).

In this instance, defendants Granite and Galiatsos were engaged in implementation of Individualized Education Plans ("IEP") for special education students according to the instructions of Karen Wilson.  Thus, Granite's and Galiatsos's function represented more than supervision or maintaining control over the educational environment because they were implementing teaching methods particular to an IEP. Consistent with its previous decision, the Court finds that Granite and Galiatsos are entitled to sovereign immunity as agents of the state providing special education services because imposition of tort liability could interfere with that state mandate.

---

[2]However, local boards of education act on behalf of the municipality "in their function of maintaining control over the public schools within the municipality's limits." Id.

However, plaintiffs point out that sovereign immunity only insulates defendants sued in their official capacity.[3] If the plaintiffs' complaint may be reasonably construed as suing defendants in their individual capacities, then sovereign immunity does not bar those claims. Miller v. Egan, 265 Conn. 301, 307 (2003).

In Spring v. Constantine, 168 Conn. 563, 568 (1975), the Connecticut Supreme Court held that "[t]he fact that the state is not named as a defendant does not conclusively establish that the action is not within the principle which prohibits actions against the sovereign without its consent." Thus, to determine whether the plaintiffs allege claims against defendants in their individual capacities, the court must consider four factors: Whether (1) a state official has been sued; (2) the suit concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability. Id. The first two factors appear to favor the defendants. However, plaintiffs argue that the last two factors are determinative in this instance.

This action is similar to David v. Bureau, 2008 WL 4249406 (Conn. Super. Ct. 2008), in which case a high school student sued her teacher for assault and battery, intentional infliction of emotional distress, negligence and recklessness. In considering the third and fourth factors, the Superior Court noted that plaintiff had clearly represented that the claim was brought against defendant in his individual capacity and that the state could not be liable for damages without a waiver from the claims

---

[3]Plaintiffs did not appear to have raised this issue in their briefs on the prior motions for summary judgment.

commissioner. Accordingly, David held that the plaintiff's claims could reasonably be construed against defendant in his individual capacity. The same is true in the instant case.

Accordingly, as in David, the Court must next consider whether defendants are entitled to statutory immunity pursuant to Connecticut General Statutes § 4-165, which provides: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." Thus, state employees cannot be held individually liable for negligent conduct performed within the scope of their employment. Accordingly, the Court will dismiss counts two, three and eight that sound in negligence against Granite and Galiatsos.

However, plaintiffs may hold defendants liable for wanton, reckless or malicious acts. In order to establish that a defendant's conduct was wanton, reckless, or malicious, plaintiffs must prove that that defendant had a state of consciousness with reference to the consequences of his or her acts. Martin v. Brady, 261 Conn. 372, 376 (2002).

As previously discussed, the Court found that disputed issues of fact existed as to the claims against Granite and Galiatsos for assault and battery, intentional infliction of emotional distress, false imprisonment, and recklessness. These torts implicate a state of mind that could be considered by a jury to be wanton, reckless or malicious.

Individual Capacity Claims against Kramer, Saunders and Wilson

In its previous Memorandum of Decision, this Court granted summary judgment on all state claims against Kramer, Saunders and Karen Wilson. However, the Court

6

did not consider the state tort claims against these defendants in their individual capacities.[4]  The Court will do so now.

Plaintiffs brought claims of negligence, negligence per, negligent infliction of emotional distress, intentional infliction of emotional distress, and recklessness against all of these defendants.  Plaintiffs also asserted assault and battery and false imprisonment against defendant Wilson.

The negligence claims are subject to immunity pursuant to Connecticut General Statutes § 4-165.  Further, the intentional infliction of emotional distress and recklessness tort claims cannot be maintained against Kramer and Saunders.  In its prior Memorandum of Decision, this Court found that neither Kramer nor Saunders had received information about the alleged abuse.  Accordingly, plaintiffs cannot prove the requisite state of consciousness to impose liability on Kramer and Saunders for intentional or reckless conduct.

In its prior Memorandum of Decision, the Court granted summary judgment on the merits of the assault and battery and false imprisonment claims against Wilson.  At the same time, in considering the alleged substantive due process violation, the Court held that the evidence raised an inference of fact relative to Wilson's awareness of the alleged abuse and whether such conduct exposed plaintiffs to imminent harm.  The Court left for a jury's determination "whether Wilson created a risk to the plaintiffs through her instruction to the aides, was grossly negligent in her supervision, or was cognizant of, but ignored, the alleged conduct and its risk to plaintiffs."  Thus, on the

---

[4] Plaintiffs did not file a motion for reconsideration.

did not consider the state tort claims against these defendants in their individual capacities.[4]  The Court will do so now.

Plaintiffs brought claims of negligence, negligence per, negligent infliction of emotional distress, intentional infliction of emotional distress, and recklessness against all of these defendants.  Plaintiffs also asserted assault and battery and false imprisonment against defendant Wilson.

The negligence claims are subject to immunity pursuant to Connecticut General Statutes § 4-165.  Further, the intentional infliction of emotional distress and recklessness tort claims cannot be maintained against Kramer and Saunders.  In its prior Memorandum of Decision, this Court found that neither Kramer nor Saunders had received information about the alleged abuse.  Accordingly, plaintiffs cannot prove the requisite state of consciousness to impose liability on Kramer and Saunders for intentional or reckless conduct.

In its prior Memorandum of Decision, the Court granted summary judgment on the merits of the assault and battery and false imprisonment claims against Wilson.  At the same time, in considering the alleged substantive due process violation, the Court held that the evidence raised an inference of fact relative to Wilson's awareness of the alleged abuse and whether such conduct exposed plaintiffs to imminent harm.  The Court left for a jury's determination "whether Wilson created a risk to the plaintiffs through her instruction to the aides, was grossly negligent in her supervision, or was cognizant of, but ignored, the alleged conduct and its risk to plaintiffs."  Thus, on the

---

[4] Plaintiffs did not file a motion for reconsideration.

claims of intentional infliction of emotional distress and recklessness, Wilson as an individual is not entitled to the immunity provided in Connecticut General Statutes § 4-165 because her conduct may be construed by a jury as "wanton, reckless or malicious," and plaintiffs could prove that she had the requisite knowledge and intent on the claims of recklessness and intentional infliction of emotional distress.  The Court will vacate its grant of summary judgment on the claims of recklessness and intentional infliction of emotional distress against her.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for summary judgment [doc. #138] on the claims of negligence and DENIES the motion for summary judgment on the claims of intentional infliction of emotional distress and recklessness against defendants Galiatsos and Granite in their individual capacities.

The Court VACATES its prior ruling granting summary judgment on the claims of intentional infliction of emotional distress and recklessness against Wilson.

Plaintiffs are instructed to file an amended complaint consistent with this ruling within fifteen days of this ruling's filing date.

This case will be placed on the trial list for jury selection in May 3, 2010.

Dated at Bridgeport, Connecticut, this _18th__ day of February, 2010.

                          _____/s/_____
                          Warren W. Eginton
                          Senior United States District Judge